### GIBSON v. ABBOTT ET AL.

1. **Venue:** CHANGE OF: APPLICATION FOR. An application for a change of venue, grounded upon the prejudice of the people of the county, cannot be made in vacation before the issues are made up.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 11.

ACTION to recover for personal injuries inflicted by defendants. The plaintiff made application in vacation for a change of venue, on account of the prejudice of the inhabitants of the county against him, which was overruled. From this order he appeals. Further facts of the case appear in the opinion.

*Templin & Smith*, for appellant.

*Slater & Ewing*, for appellees.

BECK, J.—The application for the change of venue was denied by the judge on the ground that the issues of the case had not been made up. The correctness of this ruling is the only question presented for our decision in this case.

1. VENUE: change of: application for.

Code, § 2591, contains this provision: "The application for a change of place of trial may be made either to the court or to the judge in vacation, and if made in term time shall not be awarded until issue be made up, unless objection be made to the court."

The language of this provision requires an issue to be made up only in the case of application being made during term time. It must be confessed that the same reason exists for having the case at issue when the application is made in vacation as when it is made to the court. But it was not suf-

Gibson v. Abbott.

ficient in the minds of the legislators to require the provision to be extended to both cases.

Chapter 118, Acts Seventeenth General Assembly, amends Code, § 2590, so that a change of venue, when the objection of the applicant is to the inhabitants of the county, shall not be allowed "when the issue in the case can only be tried to the court." This act requires the judge or court passing upon an application for a change of venue to determine whether "the issue can only be tried to the court." How can there be a determination of this question before the issue is made up? Clearly there cannot be. The provision, then, cannot be enforced until issue is joined, for the condition contemplated by it cannot be known to exist or to be absent. This statute clearly contemplates that an issue shall be made up before an application, grounded upon prejudice of the people of the county, shall be passed upon by the court or judge in vacation.

But it may be said that the issue involved in this case, which is to recover for personal injuries, could not be tried to the court. This is highly probable, but not absolutely certain. It is possible that defendants might admit the averments of the petition, and set up some equitable defense to recovery. Certain it is the court or judge, acting upon the application for the change of venue in this case, could not discharge the duty imposed by the statute last cited, namely, determine whether the issue in the case was triable to the court or to a jury, until the issue had been joined.

We think the decision of the court below is correct.

AFFIRMED.